UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEROY a/k/a DEREK MCSMITH                    CIVIL ACTION

VERSUS                                       NUMBER: 06-8673

UNITED STATES, ET AL.                        SECTION: "I"(5)


### REPORT AND RECOMMENDATION

The above-captioned matter came before the undersigned pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

Pro se plaintiff, Leroy a/k/a Derek McSmith, filed this case in forma pauperis against defendants, the United States of America and the United States Postal Service ("USPS"). Plaintiff, who "... brings this action ... pursuant to 42 U.S.C. 1983 due to supervisory liability", appears to be complaining of the fact that he was not given a refund by the USPS for a piece of certified mail he paid that agency to deliver but which was returned to him as undeliverable notwithstanding information plaintiff obtained from a USPS website that the missive had, in fact, been delivered on

October 7, 2006 at 11:30 a.m. (Complt. at p. 2). In his prayer for relief, plaintiff seeks a refund of the certified mail charge he paid as well as mail service from any other carrier of his choosing "... for an infinite period at the expense of the U.S. Postal Service." (Complt. at p. 3).

Plaintiff has instituted suit herein in forma pauperis pursuant to 28 U.S.C. §1915. A proceeding brought in forma pauperis may be dismissed as frivolous under 28 U.S.C. §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law and fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that it be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

His cite to 42 U.S.C. §1983 notwithstanding, plaintiff has no cause of action against the named defendants under that statute because said defendants are not state actors acting under color of state law. Lyons v. Sheetz, 834 F.2d 493, 495 (5th Cir. 1987). Plaintiff's purported civil rights claim against the United States is barred by the doctrine of sovereign immunity, Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286

2

(5th Cir. 1999), and a claim against the USPS under Bivens[1]/, does not lie here as supervisory liability is inapplicable to such actions and no one with personal involvement has been sued in his or her individual capacity.  Guerrero-Aguilar v. Ruano, 118 Fed.Appx. 832, 833 (5th Cir. 2004).  For these reasons, it will be recommended that plaintiff's suit against the U.S. and the USPS be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

### RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  See Marts v. Hines, 117 F.3d 1504 (5th Cir. 1997)(en banc), cert. denied, 522 U.S. 1058, 118 S.Ct. 716 (1998).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that Such

---

[1]/ See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).

3

consequences will result from a failure to object.  <u>Douglass v.</u>
<u>United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

    New Orleans, Louisiana, this <u>30th</u> day of <u>   October   </u>,
2006.

                                            _____
                                         UNITED STATES MAGISTRATE JUDGE

4